

**FILED**

Feb 07 2018, 8:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika P. Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jimmy Person,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 7. 2018<br><br>Court of Appeals Case No.<br>49A02-1708-CR-1737<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Alicia Gooden,<br>Judge<br><br>Trial Court Cause No.<br>49G21-1503-F5-11184<br>49G21-1602-F4-7143 |

**May, Judge.**

[1]     Jimmy Person appeals a portion of the trial court's restitution order.  He argues the trial court abused its discretion when it ordered him to pay for Rosa Bailey's

pain and suffering and her use of public transportation. The State concedes the trial court abused its discretion. We reverse and remand.

# Facts and Procedural History

On July 11, 2017, the trial court sentenced Person, pursuant to a plea agreement, to an aggregate sentence of eleven years for Level 5 felony dealing in cocaine,[1] Level 4 felony dealing in cocaine,[2] Level 6 felony resisting law enforcement,[3] and Class A misdemeanor leaving the scene of an accident with bodily injury.[4] Additionally, the trial court ordered Person to pay $7,284 in restitution to Bailey, who was injured when Person crashed his car into Bailey's car while fleeing from police. The amount of restitution included $2,385 for Bailey's medical expenses; $600 for the value of her car; $1,914 for the cost of Bailey's use of public transportation for the days she did not have a vehicle; and $2,385 for Bailey's pain and suffering.

# Discussion and Decision

"Generally, an order of restitution is within the trial court's discretion, and it will be reversed only upon a finding of an abuse of that discretion. An abuse of

---

[1] Ind. Code § 35-48-4-1(a) (2014).

[2] Ind. Code § 35-48-4-1(c) (2014).

[3] Ind. Code § 35-44.1-3-1(b)(1) (2014).

[4] Ind. Code § 9-26-1-1.1(b)(1) (2015).

discretion occurs when the trial court misinterprets or misapplies the law."
*Green v. State*, 811 N.E.2d 874, 877 (Ind. Ct. App. 2004). Indiana Code section
35-50-5-3(a) governs restitution, and states in relevant part:

> The court shall base its restitution order upon a consideration of:
>
>> (1) property damages of the victim incurred as a result of
>> the crime, based on the actual cost of repair (or
>> replacement if repair is inappropriate);
>>
>> (2) medical and hospital costs incurred by the victim
>> (before the date of sentencing) as a result of the crime;
>>
>> (3) the cost of medical laboratory tests to determine if the
>> crime has caused the victim to contract a disease or other
>> medical condition;
>>
>> (4) earnings lost by the victim (before the date of
>> sentencing) as a result of the crime including earnings lost
>> while the victim was hospitalized or participating in the
>> investigation or trial of the crime; and
>>
>> (5) funeral, burial, or cremation costs incurred by the
>> family or estate of a homicide victim as a result of the
>> crime.

[4] Person argues the trial court abused its discretion when it ordered him to pay
for Bailey's public transportation expenses and her pain and suffering because
the restitution statute does not provide for payment of those expenses. The
State concedes the trial court abused its discretion, and we agree. *See, e.g.,*
*Springer v. State*, 798 N.E.2d 431, 436 (Ind. 2003) (reversing portion of

restitution order requiring Springer to pay the cost of airline tickets for victim's father because "the General Assembly has not authorized the trial court to include this expense in its restitution order because none of the statutory restitution categories includes [sic] any language that could be construed to authorize it"), *reh'g denied*; *see also Rich v. State*, 890 N.E.2d 44, 53 (Ind. Ct. App. 2008) (reversing trial court's restitution order requiring Rich to pay for the cost of victim's security because no portion of the restitution statute could be construed to require him to do so), *trans. denied*.

# Conclusion

[5] The trial court abused its discretion when it ordered Person to pay restitution for Bailey's public transportation expenses and her pain and suffering. We reverse the trial court's restitution order in those respects and remand for correction of the trial court's restitution order to reflect the correct amount of $2,985, which reimburses Bailey for the loss of her car and her medical expenses.

[6] Reversed and remanded.

Vaidik, C.J., and Altice, J., concur.